IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHANTHON BUN,

      Plaintiff,                    No. CIV S-09-0631 LKK EFB P

     vs.

T. FELKER, et al.,

      Defendants.         <u>ORDER</u>

                              /

      Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. On November 24, 2010, he sought leave to amend his complaint to reduce the amounts he has requested in monetary damages. Dckt. No. 40. Defendants have not opposed plaintiff's request.

      Plaintiff may amend his pleading only with the opposing party's written consent or the court's leave. Fed. R. Civ. P. 15(a)(2). The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The policy of freely granting leave to amend should be applied with "extreme liberality." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). When determining whether to grant leave to amend under Rule 15(a), a court should consider the following factors: (1) undue delay; (2) bad faith; (3) futility of amendment; and (4) prejudice to the opposing party. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Granting or

1 denying leave to amend rests in the sound discretion of the trial court, and will be reversed only
2 for abuse of discretion. *Swanson v. U.S. Forest Serv.*, 87 F.3d 339, 343 (9th Cir. 1996).

3       Here, there is no indication that plaintiff, who is appearing pro se, unduly delayed in
4 requesting leave to amend or that his filing was made in bad faith.  Further, the amendments
5 requested by plaintiff are not futile, as they significantly reduce the amounts of damages that
6 plaintiff seeks.  Moreover, defendants did not file any response to plaintiff's motion, and there is
7 no apparent prejudice to defendants.   Accordingly, plaintiff's motion to amend his complaint
8 will be granted.

9       However, plaintiff did not submit with his motion a proposed amended complaint that
10 includes his requested amendments, and the court cannot make the amendments for him.  *See*
11 E.D. Cal., Local Rule 220.  If plaintiff wishes to proceed with an amended complaint as
12 described in his motion, he must submit an amended complaint that is complete in itself without
13 reference to the original complaint, and that includes the requested amendments to reduce the
14 amounts he seeks in monetary damages.  Plaintiff may comply with this order simply by crossing
15 or whiting out the monetary amounts requested in his original complaint and replacing them with
16 the reduced amounts that plaintiff now requests.

17       Accordingly, it is hereby ordered that:

18       1. Plaintiff's November 24, 2010 motion to amend the complaint (Dckt. No. 40) is
19 granted, and plaintiff shall have 30 days from the date this order is served to file an amended
20 complaint, for the limited purpose of reducing the amounts sought in monetary damages.

21       2. Defendants are excused from responding to an amended complaint, should it be filed,
22 as it will state no new allegations against them.

23       3. The Clerk of the Court is directed to send plaintiff a copy of the complaint filed March
24 6, 2009.

25 DATED: April 5, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

2