IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHANTHON BUN,

      Plaintiff,                    No. CIV S-09-0631 LKK EFB P

     vs.

T. FELKER, et al.,

      Defendants.          <u>ORDER</u>

_____/

      Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. He requests the following: (1) that discovery be stayed; (2) that the court appoint him counsel; and (3) that he be provided with a Cambodian interpreter at his deposition. For the reasons stated below, plaintiff's motion to stay discovery will be granted in that the court will extend the discovery deadline and plaintiff's motions for counsel and for an interpreter will be denied.

**I. Request to Stay Discovery**

      Pursuant to the March 30, 2011 discovery and scheduling order, the parties may conduct discovery until July 15, 2011, and all written requests for discovery were to be served no later than May 16, 2011. Dckt. No. 48. A discovery and scheduling order may only be modified upon a showing of good cause. Fed. R. Civ. P. 16(b). Good cause exists when the moving party

1

demonstrates he cannot meet the deadline despite exercising due diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

On April 18, 2011, plaintiff requested that discovery be stayed, because he will be moving from California State Prison, Corcoran, to Los Angeles County Jail for a hearing to be held on May 23, 2011. Plaintiff anticipates that he will be housed temporarily at various institutions before he finally reaches Los Angeles County Jail, and that because of his short stays and frequent address changes, it will be difficult to manage his legal work in this action. Defendants did not oppose or otherwise respond to plaintiff's request.

Good cause appearing, the court will modify the discovery and scheduling order to provide that the parties may conduct discovery until August 15, 2011, and that all written requests for discovery are to be served no later than June 16, 2011.

**II. Request for Counsel**

District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request counsel voluntarily to represent such a plaintiff. 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990). The court finds that there are no exceptional circumstances in this case.

**III. Request for Interpreter**

While authorization and funding for interpreters is available to individuals appearing in criminal or civil actions initiated by the United States, *see* 28 U.S.C. § 1827(a), (d), § 1828(a), no such authority or funding is available for civil litigants, such as plaintiff. Plaintiff may, however, make arrangements with prison officials and defense counsel for the informal translation services of a correctional staff member or another inmate, to assist plaintiff at his deposition.

////

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's April 18, 2011 motion to stay discovery is granted to the extent that the March 30, 2011 discovery and scheduling order is modified as follows: The parties may conduct discovery until August 15, 2011. Any motions necessary to compel discovery shall be filed by that date. All requests for discovery pursuant to Fed. R. Civ. P. 31, 33, 34, or 36 shall be served not later than June 16, 2011.

2. Plaintiff's May 4, 2011 request for appointment of counsel is denied.

3. Plaintiff's May 9, 2011 request for an interpreter is denied.

DATED: May 23, 2011.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE