IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHANTHON BUN,

     Plaintiff,                   No. 2:09-cv-0631 LKK EFB P

    vs.

T. FELKER, et al.,

     Defendants.          <u>ORDER</u>

_____/

     Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. Pursuant to the July 21, 2011 amended discovery and scheduling order, the deadline for serving discovery was September 2, 2011, and the deadline for filing motions to compel was November 4, 2011. Dckt. No. 63.

     On November 2, 2011, plaintiff requested an extension of time to conduct discovery and to file and serve a motion to compel. Dckt. No. 72. Granting plaintiff's request would require further modification of the scheduling order. A scheduling order may be modified upon a showing of good cause. Fed. R. Civ. P. 16(b). Good cause exists when the moving party demonstrates he cannot meet the deadline despite exercising due diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). As defendants argue in opposition, plaintiff fails to demonstrate the requisite due diligence. *See* Dckt. No. 78.

1

Plaintiff does not explain why he was unable to serve his additional discovery requests prior to the September 2, 2011 deadline, or suggest that additional discovery is needed in light of defendants' September 28, 2011 responses. Defendants also contend that plaintiff's proposed discovery requests are redundant, and plaintiff failed to address this contention in a reply brief. Plaintiff has not shown good cause to modify the scheduling order and his request is therefore denied.

On November 9, 2011, plaintiff filed a motion to compel. Although dated "November 4, 2011," defendants submit records in opposition showing that the opposition was not delivered to prison officials for mailing until November 6, 2011. Dckt. No. 78-1, Ex. A, Attach. 1. Plaintiff appears to concede that the motion to compel is therefore untimely, as he did not file a reply brief. In opposition, defendants also argue that plaintiff's motion should be denied because he did not fully or accurately set forth each discovery request and response. Aside from being untimely and procedurally defective, defendants argue further, that plaintiff's motion should be denied on the merits because their responses or objections to plaintiff's document requests were proper. Defendants reproduce the disputed production requests and responses and argue that their responses were sufficient, or that plaintiff's motion is now moot in light of supplemental responses that they have served on plaintiff. Dckt. No. 78 at 5-8. Defendants appear to have properly and sufficiently responded to plaintiff's discovery requests. Accordingly, plaintiff's motion to compel is denied.

On January 27, 2012, defendants moved for summary judgment. Dckt. No. 79. On February 10, 2012, plaintiff requested a 60-day extension of time to file an opposition. *See* Fed. R. Civ. P. 6(b). He also requested that the court grant him priority legal user status to ensure that he has access to legal resources to prepare his opposition. Plaintiff's request for priority legal user status now appears to be moot because on March 29, 2012, plaintiff filed a 48-page opposition brief. Plaintiff's request for an extension of time to file his opposition is granted
////

1  and his March 29, 2012 opposition brief is deemed timely filed.[1]

2        Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court terminate docket

3  entries 72, 73, and 80.

4  DATED: June 18, 2012.

                                  EDMUND F. BRENNAN
                                  UNITED STATES MAGISTRATE JUDGE

---

[1] Defendants filed a reply brief on April 3, 2012 and the motion for summary judgment stands submitted for decision.