UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHANTHON BUN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>FELKER, et al.,<br><br>　　　　　Defendants. | No. 2:09-cv-631-EFB P<br><br><br>ORDER |

　　　　Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. On June 18, 2013 the court ordered plaintiff to file a pretrial statement within 30 days. ECF No. 101. That order informed plaintiff of the requirements for preparing and filing a pretrial statement. *Id.* It also warned plaintiff that his failure to file a pretrial statement could result in the imposition of sanctions, including dismissal of this action. *Id.*

　　　　Over four months have passed and plaintiff has not filed a pretrial statement. The court has granted plaintiff several requests for extensions of time, and the pretrial statement is now due on November 29, 2013. On October 29, 2013, in response to plaintiff's requests for guidance on how to prepare a pretrial statement, the court re-served its June 18 order on plaintiff. ECF No. 112. The court also warned plaintiff that it was not inclined to grant further requests for extensions of time. *Id.*

/////

1

On November 7, 2013, plaintiff again requested the court's "assistance" and "clarity" in "how to write and presen[t]" his pretrial statement. ECF No. 113. It appears from plaintiff's request that he has not even begun drafting his pretrial statement. Twice now, the court has instructed plaintiff to file a pretrial statement and informed him of the requirements for doing so. The court cannot and will not provide plaintiff with legal advice. His pretrial statement remains due on November 29, 2013. Failure to comply with that order will very likely result in the dismissal of this action for plaintiff's failure to prosecute and to comply with court orders.

Indeed, a district court must "weigh five factors to determine whether to dismiss a case for lack of prosecution: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions." *In re Eisen*, 31 F.3d 1447, 1451 (9th Cir. 1994); *accord, Southwest Marine Inc. v. Danzig*, 217 F.3d 1128, 1138 (9th Cir. 2000).

Furthermore, a party's failure to comply with any order or with the Local Rules "may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." E.D. Cal. Local Rule 110. The court may recommend that an action be dismissed with or without prejudice, as appropriate, if a party disobeys an order or the Local Rules. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1263 (9th Cir. 1992) (district court did not abuse discretion in dismissing pro se plaintiff's complaint for failing to obey an order to re-file an amended complaint to comply with Federal Rules of Civil Procedure); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for pro se plaintiff's failure to comply with local rule regarding notice of change of address affirmed).

Accordingly, it is hereby ORDERED that plaintiff's request for court assistance (ECF No. 113) is denied.

Dated: November 14, 2013.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

2