UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHANTHON BUN,

        Plaintiff,

  v.

FELKER et al.,

        Defendants.

No.  2:09-cv-631-EFB P

ORDER

        Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983.[1]  On June 18, 2013 the court ordered plaintiff to file a pretrial statement within 30 days.  ECF No. 101.  That order informed plaintiff of the requirements for preparing and filing a pretrial statement.  *Id.*  It also warned plaintiff that his failure to file a pretrial statement could result in the imposition of sanctions, including dismissal of this action.  *Id.*  The court granted plaintiff several extensions of time, ultimately resulting in an extension of the deadline for filing a pretrial statement to November 29, 2013.  Despite these extensions of time, re-service of the June 18 order on plaintiff, and additional warnings that failure to comply would result in dismissal, plaintiff has not filed a pretrial statement.  Moreover, his filings in this action suggest that despite months to prepare a pretrial statement, he has not even begun the process.  *See, e.g.,* ECF No. 113

---

[1] This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to the parties' consent.  E.D. Cal. Local Rules, Appx. A, at (k).

1

1  (Nov. 7, 2013 filing, asking how to write a pretrial statement).  Plaintiff has disobeyed this court's
2  order and failed to prosecute this action.  The appropriate action is dismissal without prejudice.
3        A district court must "weigh five factors to determine whether to dismiss a case for lack of
4  prosecution: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to
5  manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring the
6  disposition of cases on their merits; and (5) the availability of less drastic sanctions."  *In re Eisen*,
7  31 F.3d 1447, 1451 (9th Cir. 1994); *accord, Southwest Marine Inc. v. Danzig*, 217 F.3d 1128,
8  1138 (9th Cir. 2000).  Here, the first two *Ferdik* factors support dismissal, as it appears that the
9  court is devoting its limited judicial resources to this action despite plaintiff's apparent intent to
10 abandon it.  Moreover, plaintiff's failure to comply with court orders and Local Rules delays the
11 progress of this litigation, likely causing prejudice to defendant.  In addition, the court has already
12 warned plaintiff that his failure to file a pretrial statement could result in dismissal, and monetary
13 sanctions would be futile given plaintiff's indigent status.  Having considered the *Ferdik* factors,
14 and in light of plaintiff's failure to prosecute this action by filing a pretrial statement as directed,
15 the court finds that dismissal of this action is appropriate.
16       Furthermore, a party's failure to comply with any order or with the Local Rules "may be
17 grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or
18 within the inherent power of the Court."  E.D. Cal. Local Rule 110.  The court may dismiss an
19 action with or without prejudice, as appropriate, if a party disobeys an order or the Local Rules.
20 *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1263 (9th Cir. 1992) (district court did not abuse
21 discretion in dismissing pro se plaintiff's complaint for failing to obey an order to re-file an
22 amended complaint to comply with Federal Rules of Civil Procedure); *Carey v. King*, 856 F.2d
23 1439, 1440-41 (9th Cir. 1988) (dismissal for pro se plaintiff's failure to comply with local rule
24 regarding notice of change of address affirmed).
25 /////
26 /////
27 /////
28 /////

Accordingly, it is hereby ORDERED that this action is dismissed without prejudice. *See* Fed. R. Civ. P. 41(b); E.D. Cal. Local Rule 110, 183(b).

Dated: December 3, 2013.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE